912

No. 90–5395. HOUSE v. TENNESSEE. Ct. Crim. App. Tenn. Certiorari denied.

JUSTICE MARSHALL, dissenting.

In both *Mills* v. *Maryland*, 486 U. S. 367 (1988), and *McKoy* v. *North Carolina*, 494 U. S. 433 (1990), we vacated a death sentence based on jury instructions that, reasonably construed, prevented the jury from considering any mitigating circumstance it did not unanimously find to exist. Because I believe the instructions in this case suffer from the same infirmity, I would grant the petition for certiorari.

Petitioner was convicted of murder and sentenced to death. At the penalty phase of his capital proceeding, the trial judge instructed the jury that it could not impose the death penalty unless it found "*unanimously* that one or more . . . aggravating circumstances have been proven." Union Cty. C. C. A. No. 28 (Tenn. Crim. App., Dec. 15, 1989), p. 2 (emphasis added). Next, the judge directed the jury to "consider *as heretofore indicated* any mitigating circumstances." *Id.*, at 3 (emphasis added). The form provided to the jury for recording a death sentence stated, "We, the jury, *unanimously find that there are no mitigating circumstances* sufficiently substantial to outweigh the statutory aggravating circumstance or circumstances. . . ." *Id.*, at 5 (emphasis added).* Finding that the instructions did not require juror

---

*In pertinent part, the jury instructions read as follows:

"Your verdict must be *unanimous* as to either form of punishment [death or life imprisonment]. . . .

. . . . .

"No death penalty shall be imposed unless you find *unanimously* that one or more of the following specified statutory aggravating circumstances have been proven . . . beyond a reasonable doubt.

. . . . .

"In arriving at the punishment, the jury shall consider *as heretofore indicated* any mitigating circumstances which shall include but not be limited to . . . .

. . . . .

"If the jury *unanimously* determines that at least one statutory aggravated circumstance or several statutory circumstances have been proved . . . and said circumstance or circumstances are not outweighed by any sufficiently substantial mitigating circumstances, the sentence shall be death.

. . . . .

unanimity on mitigating factors, the Tennessee Court of Criminal Appeals affirmed. *Id.*, at 6.

Assessment of petitioner's challenge to the disputed instructions is governed by our decisions in *Mills* v. *Maryland, supra,* and *McKoy* v. *North Carolina, supra.* In those decisions, we made clear that a rule preventing individual jurors from crediting mitigating circumstances not unanimously found to exist violated the cardinal principle of our capital jurisprudence that "'the sentencer may not . . . be precluded from considering "any relevant mitigating evidence."'" *Mills, supra,* at 374–375 (quoting *Skipper* v. *South Carolina,* 476 U. S. 1, 4 (1986), in turn quoting *Eddings* v. *Oklahoma,* 455 U. S. 104, 114 (1982)); see *McKoy, supra,* at 439–440. The only issue in this case is whether the instructions furnished to petitioner's jury should be viewed as imposing a unanimity requirement.

In my view, our decision in *Mills* speaks directly to this question. In *Mills,* the jury received a verdict form listing each potential mitigating and aggravating circumstance along with corresponding "yes" and "no" boxes. The trial judge instructed the jurors to mark "yes" if they *unanimously* concluded that an aggravating circumstance had been proved; otherwise they were to mark "no." 486 U. S., at 378. The judge also instructed the jury that it had to be unanimous to mark "yes" for any mitigating

---

"[T]he jury must include in its finding, that there were no mitigating circumstances sufficiently substantial to outweigh the statutory aggravating circumstance or circumstances so found.

Upon such *unanimous finding*, each member of the jury shall affix his or her signature to said written findings and then return the said written verdict to the Court.

. . . . .

"You will be provided with two punishment forms. . . .

"[On the Punishment of Death Form, should the jury impose the death sentence, it was required to attest:] We, the jury, *unanimously find that there are no mitigating circumstances* sufficiently substantial to outweigh the statutory aggravating circumstance or circumstances listed above. . . .

. . . . .

"You may take the charge with you." Union Cty. C. C. A. No. 28, pp. 2–5 (emphasis added).

According to the Tennessee Court of Criminal Appeals, these instructions conform to the language and structure of the then-effective Tennessee capital punishment statute, Tenn. Code Ann. § 39–2–203 (1982). See Union Cty. C. C. A. No. 28, p. 5. This provision has since been repealed and recodified at Tenn. Code Ann. § 39–13–204 (Supp. 1990).

factor. *Id.*, at 378, and n. 11. Mills challenged the constitutionality of his death sentence on the ground that the instructions required death if the jury unanimously found an aggravating circumstance but could not agree unanimously as to the existence of any particular mitigating circumstance. *Id.*, at 371. The Maryland Court of Appeals rejected this challenge, construing the verdict form to require unanimity in order to mark "no" with respect to a given mitigating circumstance, and not to preclude each juror from individually weighing any nonunanimous mitigating circumstance in considering whether to impose a death sentence. *Id.*, at 372–373.

Because we could not conclude, "with any degree of certainty, that the jury did not adopt [Mills'] interpretation," *id.*, at 377, we vacated his death sentence. We emphasized that nothing in the instructions or the form clarified for the jury that it could do something *other than* answer "no" if it could not reach unanimity on a particular mitigating circumstance. *Id.*, at 378–379, and n. 11. Thus, the verdict forms and instructions used in *Mills* created the "intuitively disturbing" possibility that a sole juror *could have* precluded the remaining eleven jurors from considering mitigating circumstances which they all believed to exist. *Id.*, at 373–374. The prospect that a single, holdout juror could have blocked such consideration, and consequently required the jury to impose the death penalty, was an outcome "we dare[d] not risk." *Id.*, at 384. We concluded that it would be the "height of arbitrariness" to uphold a death sentence in such circumstances. *Id.*, at 374.

The jury instructions in this case present the same impermissible risk. After charging the jury that it had to find aggravating circumstances "unanimously," the trial judge instructed the jury to consider mitigating circumstances "as heretofore indicated." The natural inference from the words "as heretofore indicated" is that findings of mitigating circumstances, like findings of aggravating circumstances, had to be unanimous. Moreover, as in *Mills*, the trial court did not instruct the jury on what it should do if it could not reach a unanimous conclusion on a potential mitigating circumstance. Nowhere did the instructions even remotely suggest that jurors were free to exercise individual judgment in considering nonunanimous mitigating factors. Rather, the jury appears to have been guided in the opposite direction by the "as heretofore indicated" language. The inference that nonunani-

mous mitigating factors must be disregarded entirely is reinforced by the trial judge's repeated statements that the jury could impose the death penalty only if it found "unanimously" that no mitigating circumstances outweighed any aggravating circumstances. Under these circumstances, reasonable jurors could justifiably have believed that they were not to consider any mitigating circumstance unless all jurors unanimously found it to exist.

Like the postverdict construction furnished by the Maryland Court of Appeals in *Mills*, the Tennessee Court of Criminal Appeals' conclusion that jurors remained free under Tennessee law to consider nonunanimous mitigation factors is beside the point. The decisive issue under *Mills* is whether the *jury* could plausibly have read the instructions to require unanimity as to the existence of each mitigating circumstance. Because there is a "reasonable likelihood" that the jury in this case so understood the challenged instructions, *Boyde* v. *California*, 494 U. S. 370, 381 (1990), I would grant the petition for certiorari and reverse.

Even if I did not believe that this case otherwise merited review, adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant the petition for certiorari and vacate the death sentence in this case.